Filed 10/1/25  In re Everidge CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re | F089793 |
| TIMON EVERIDGE, | (Kern Super. Ct. No. BF173079A) |
| On Habeas Corpus. | **OPINION** |

## THE COURT[*]

ORIGINAL PROCEEDINGS; petition for writ of habeas corpus.

Timon Everidge, in propria persona, for Petitioner.

Rob Bonta, Attorney General, Kimberley A. Donohue, Assistant Attorney General, and Hannah Janigian Chavez, Deputy Attorney General, for Respondent.

-ooOoo-

---

[*] Before Levy, A. P. J., Franson, J. and, Fain, J.[†]

[†] Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

On April 24, 2024, a jury convicted Timon Everidge (petitioner) of first degree murder (Pen. Code, §§ 187, subd. (a), 189, subd. (a)) and found true an enhancement for the personal use of a deadly weapon (Pen. Code, § 12022, subd. (b)(1)). On July 10, 2024, he was sentenced to 26 years to life in state prison.

Petitioner seeks permission to file a belated notice of appeal under the doctrine of constructive filing. (*In re Benoit* (1973) 10 Cal.3d 72, 86–87.) He alleges that on the date of his conviction he requested his attorney file a notice of appeal on his behalf, and that his attorney promised to do so. When petitioner discovered a notice of appeal had not been filed in November 2024, he attempted to file a notice of appeal, but the notice was rejected by the superior court as untimely filed.

Under the doctrine of constructive filing, a belated appeal may be deemed constructively filed as timely if an appellant relied upon the express assurances of counsel that counsel would file a notice of appeal. (*In re Benoit*, *supra*, 10 Cal.3d at pp. 86–87.) Here, petitioner claims he relied on the representations of trial counsel that counsel would file a notice of appeal and subsequently made efforts to confirm that a notice had been filed. Petitioner therefore relied on the express assurances of counsel, and "displayed … diligence in seeing that his attorney ha[d] discharged this responsibility." (*Benoit*, at p. 89.)

In an informal response, the Attorney General does not dispute petitioner's factual allegations, nor contend the doctrine of constructive filing is inapplicable. Instead, the Attorney General opposes the petition on the ground that petitioner does not adequately explain the six-month delay between learning his notice of appeal was rejected as untimely and filing the instant petition. (See *In re Clark* (1993) 5 Cal.4th 750, 765.) We are not persuaded that a delay of this length warrants denial of the petition.

Accordingly, we conclude petitioner is entitled to relief.

2

**DISPOSITION**

The Clerk/Executive Officer of this court is authorized to send a copy of the notice of appeal attached to the petition in the above entitled action to the Clerk of the Kern County Superior Court.

Let a writ of habeas corpus issue directing the Clerk of the Kern County Superior Court to file said notice of appeal in case No. BF173079A, to deem said notice of appeal to be timely filed from the judgment entered on July 10, 2024, and to proceed with the preparation of and filing in this court the record on appeal in accordance with the applicable California Rules of Court.

This opinion is final forthwith as to this court.